MOORE v. DUNN.

After the opinion in the above entitled cause was printed (see page 63, *ante*,) the following note was added:

SMITH, C. J.    The opinion in this case was prepared under an impression produced by the argument, that the indebtedness secured in the mortgage deed made December 1st, 1874, had been satisfied out of the debtor's estate; and as the homestead exemption would prevail against the earlier mortgage of September 26th, 1873, to the annuitant, inasmuch as the wife of the mortgagor Miles E. Carver was not a party to it, its value must come out of the proceeds of sale under the latter deed.

This was so said in illustration of the principle involved in the exception presented in the appeal, rather than as a ruling of the Court.    As it is represented, upon a re-argument since, on one side that the indebtedness secured in the deed first mentioned and posterior in date, wherein the same land is conveyed, has, and on the other hand that it has not been paid, and we are not called on to determine the disputed fact, we recall the suggestion as to the deduction of the value of this exemption, content to reiterate the rule that the indebtedness due the annuitant must be reduced by whatever sum she is entitled to receive from the proceeds of the sale under the mortgage to her, and that the residue thus ascertained, is the sum which will share with other creditors of the same class in the distribution of the personal estate of the intestate mortgagor.    The rulings are affirmed.

The costs incurred in the appeal will be paid by the appellants.